Date signed February 08, 2012



```
                              PAUL MANNES
                           U. S. BANKRUPTCY JUDGE
```

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ERNEST LARRY WILLIAMS, JR. | : | Case No 11-28610PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ERNEST LARRY WILLIAMS, JR. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| FEDERAL CREDIT UNION | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

In this bankruptcy case filed under Chapter 13 on September 15, 2011, the Debtor seeks an order to strip a wholly unsecured lien held by the Respondent, Montgomery County Teachers Federal Credit Union ("Credit Union"), from the land records pursuant to 11 U.S.C. 506(a). Authority for the action sought by the Debtor is found in such cases as *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009), *aff'd* 2011 WL 52358 (CA4); *In re Millard*, 414 B.R. 73 (D. Md. 2009); and *Johnson v. Asset Management Group*, 226 B.R. 364 (D. Md. 1998). The parties filed a statement of Stipulated Facts and Authenticated Documents.

After his marriage to Maria Williams, the Debtor Ernest Williams, Jr., conveyed to her and himself as tenants by the entirety the subject property at 3135 Fairland Road, Silver Spring, Maryland, by a "no-consideration" deed dated June 6, 2001. This property had been conveyed

to him by his parents some three years earlier.  Thereafter, in 2007, to secure an open-end home equity credit loan made by the Credit Union, the Williamses executed a revolving credit deed of trust to secure the loan.  Based on this instrument, the Credit Union filed Proof of Claim No. 3 in the sum of $60,059.15.

The Williams were divorced by an order of the Circuit Court for Montgomery County, Maryland, entered in Family Law 84519 on June 30, 2010.   The parties disposed of all marital rights by a Voluntary Separation and Marital Settlement Agreement dated June 16, 2010.  Pursuant to paragraph 7.b. of that Agreement, Maria Williams agreed that, on or before December 1, 2010, she would execute any document required to transfer all her right, title and interest in the subject property to the Debtor.  The Debtor also undertook to be solely responsible for repayment of the indebtedness represented by the liens on the property and to hold Maria harmless against any liability arising therefrom.  "Hold harmless" obligations such as this are often found to be domestic support obligations.  *In re Westerfield*, 403 B.R. 545 (W.D. Tenn 2009); *In re Poole*, 383 B.R. 308 (BC S.C. 2007).

Under Maryland law, the granting of an absolute divorce severs a tenancy by the entireties so that the property is then held as tenants in common.  *Millar v. Millar*, 87 A.2d 838, 841 (Md. 1952); *Bruce v. Dyer*, 524 A.2d 777, 781 (Md. 1987).  At some point, Maria Williams moved to California where she appeared before a notary public on September 2, 2011, and executed a quit claim deed conveying her undivided one-half interest in the subject property to her former husband.  This deed was then presented to the Clerk of the Circuit Court for Montgomery County and duly recorded on September 13 or September 14, 2011.  This bankruptcy case was then filed on September 15, 2011.

Based upon such cases as *In re Hunter*, 284 B.R. 806 (BC E.D. Va. 2002); *Alvarez v. HSBC Bank USA, National Association*, 2011 WL 6941670 (D. Md.), and *Phillips v. Krakower*, 46 F.2d 764 (CA4 1931), the Credit Union argues that it is contrary to bankruptcy policy that its lien be avoided as to the one-half interest in the real property held by Maria Williams that was conveyed to the Debtor shortly before the filing of the case, and that its lien should only be avoided as to the one-half interest held by the Debtor and not as to the one-half interest formerly held by Maria.  While this court has ruled consistently with the cases cited by the Credit Union that a wholly unsecured junior lien is not subject to being "stripped off" in a bankruptcy case filed by only one of the two parties holding the property as tenants by the entirety, the court disagrees with the arguments presented here by the Credit Union that this case should be

considered as one involving entireties property. The cited cases all dealt with properties held as tenants by the entirety and have no application to the instant case, where, at the time the bankruptcy case was filed, the subject property was owned only by the Debtor. For more than a year prior to that the property was owned by the Williamses as tenants in common.

In *Phillips* v.*Krakower*, in order to avoid a legal fraud, the court affirmed an Order suspending the discharge in bankruptcy of Samuel Phillips until a creditor of Samuel Phillips and his wife had the opportunity to obtain judgment against both on the promissory note that they signed and thereafter to enforce the judgment against property held by the Phillips as tenants by the entireties. Otherwise, if the claim against Samuel were discharged before the creditor obtained judgment on the note and enforced the judgment against the entireties property, the creditor's collection efforts would be frustrated so long as the Phillips were married.

The *Alvarez* and *Hunter* cases hold that an individual debtor may not avoid a lien on entireties property. These holdings carry on the reasoning of the *Krakower* case. A non-filing tenant by the entirety cannot have the benefits of bankruptcy without the burden of submitting her non-exempt and entireties assets for the payment of creditors. Here, at the time the case was filed, while the parties held legal title to the property as tenants in common, Maria Williams was obligated by the parties' agreement to reconvey to the Debtor her interest in the property that her former husband had received from his parents. Nothing in this case approaches the legal fraud described in *Krakower*. Therefore, pursuant to the Stipulated Facts, the court will enter an order avoiding the wholly unsecured lien held by the Credit Union.

cc:
LaVonne O. Torrence, Esq., 4800 Hampden Lane, #200, Bethesda, Md 20814
William R. Feldman, Esq., 451 Hungerford Drive, #210, Rockville, MD 20850
Ernest L. Williams, Jr., 3135 Fairland Road, Silver Spring, MD 20904
Maria E. Williams, 2178 Saticoy Street, Pomona, CA 91767
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**