Date signed February 29, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                           :

ERNEST LARRY WILLIAMS, JR.    :    Case No. 11-28610PM
                                       :              Chapter 13
           Debtor            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

       This case comes before the court on an Objection to Confirmation of Debtor's Second Amended Chapter 13 Plan filed by MCT Federal Credit Union ("MCT"). MCT is the holder of a loan originally secured by the residence of the Debtor and his former wife that was the subject of this court's Memorandum and Order entered February 9, 2012, where the court found that the Debtor had the right to avoid the lien of MCT as being wholly unsecured. This leaves MCT with an unsecured claim of $59,842.15.

       As Judge Keir points out in the case of *In re Wick*, 421 B.R. 206, 212 (BC Md. 2010), debtors having income above the median, such as the Debtor herein, may expense actual mortgage payments to determine "disposable income" without regard to the reasonableness of the payment. Nonetheless, the court must still find under § 1325(a)(3) that the plan is filed in good faith. One finds good faith by looking at the totality of the circumstances, which must be examined on a case-by-case basis. *See generally, Deans v. O'Donnell*, 692 F.2d 968, 972 (CA4 1982); *Neufeld v. Freeman*, 794 F.2d 149, 151 (CA4 1986). The inquiry into good faith filing is whether there has been an abuse of the provisions, purpose or spirit of Chapter 13. *In re Bateman*, 515 F.3d 272 (CA4 2008).

       In this case, Debtor's take-home monthly income is $5,087.49. Of this, $3,947.20 is

spent for his mortgage payments, utilities, and other expenses arising from home ownership. This is an extraordinary allocation of income for a single debtor. While the Plan payments of $250.00 a month would be augmented by tax refunds, the court has no evidence of what that would be, if anything.

Viewing the totality of the circumstances presented in this case, and in view of the relatively massive residence expenses claimed by this single debtor, the court is unwilling to approve a Plan paying only $250.00 a month as being filed in good faith. Accordingly, confirmation of the Plan will be denied with leave to amend in order to augment the monthly payment.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Ernest L. Williams, Jr., 3135 Fairland Road, Silver Spring, Md 20904
LaVonne Torrence, Esq., 4800 Hampden Lane, Suite 200, Bethesda, MD 20814
William R. Feldman, Esq., 451 Hungerford Drive, Suite 210, Rockville, MD 20850

**End of Memorandum**